The People of the State of New York, Respondent, v. Ramon Perez, Appellant.

First Department, December 20, 1955.

*Jose Ramos-Lopez* of counsel (*Morris M. Goldknopf* with him on the brief), for appellant.

*John A. Murray* of counsel (*Seymour B. Quel* with him on the brief; *Peter Campbell Brown, Corporation Counsel,* attorney), for respondent.

*Per Curiam.* Defendant herein contends that no plea of guilty was entered in the record, but does not deny that it was defendant's intention to plead guilty to the charge. Not only is the intention of defendant clear, but the record supports a finding that defendant pleaded guilty on February 14, 1955, and defendant's counsel so stated. It is further contended that the information upon which defendant was convicted was insufficient. The court finds that the information, although very poorly prepared, was sufficient in law to sustain the conviction.

When this case appeared on the calendar of February 14, 1955, it was called to the court's attention that this violation was placed on defendant's building after a fire occurred in which an infant was suffocated. A notation of this fact was made on the papers. Defendant stated to the court that the illegal tenancies were terminated and that, if given an adjournment, he probably could obtain a certificate of occupancy. Thereupon the matter was adjourned until February 28, 1955.

On that day, the Magistrate made several inquiries concerning the fire in the premises. Apparently the fire was caused by a defective electric wire attached to a heater, and was in no way related to the violation on the premises. Thereupon the Magistrate sentenced defendant to a $500 fine or 180 days in the workhouse and 60 days in the workhouse. This sentence was in excess of the maximum penalty prescribed for the violation with which this defendant was charged. Later, there was dictated into the record, not in the presence of defendant, an

amended sentence as follows: " five hundred dollars or 30 days in the workhouse, and 60 days in the workhouse. Five hundred dollars is on violation of one section; the 60 days is two 30-day sentences on the additional two sections of law violated." The fact that the infant was suffocated in the fire on the premises, although entirely unrelated to the violation of the law, undoubtedly was responsible for the imposition of an illegal and excessive sentence. The imposition of the amended sentence in the absence of defendant was error.

After defendant had served eleven days on Riker's Island, he was released on a certificate of reasonable doubt granted by the Court of Special Sessions.

The judgment appealed from should be modified in the exercise of discretion so as to reduce the sentence to the time already served. As so modified, the judgment should be affirmed.

Peck, P. J., Breitel, Bastow and Cox, JJ., concur.

Judgment unanimously modified so as to reduce the sentence to the time already served and, as so modified, affirmed.